IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CLARENCE JOHNSON, JR., )<br>)<br>  Plaintiff,  )<br>)<br>VS.  )<br>)<br>DEPARTMENT OF ENERGY  )<br>CRIMES ET AL.,  )<br>)<br>  Defendants.  ) | No. 1:21-cv-01037-STA-jay |

## REPORT AND RECOMMENDATION

On March 3, 2021, *pro se* Plaintiff Clarence Johnson, Jr. ("Plaintiff") filed this Complaint against "Department of Energy Crimes, Biden, Trump, Obama, Kamala Harris, Queen Elizabeth, Whitehouse, United Nations, Craigslist, Amazon, Google, Russian President Vladmir Putin, Dex YP Nehemiah Htg Construction, COVID19, CDC Crimes, Illinois Child Familys [sic], Duke University Hospitals, Angela Byers, Duke Energy, [and] Cincinnati FBI." (Docket Entry "D.E." 1, PageID 1, 4, 7, 10.) The Complaint was accompanied by a Motion for Leave to Proceed *in forma pauperis*. (D.E. 17.) In an order issued on April 13, 2021, the Court granted Plaintiff leave to proceed *in forma* pauperis (D.E. 18.)

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

1

In assessing whether the Complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681, 129 S. Ct. at 1950; *see also Twombly*, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Secretary of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.")

Under § 1915(e)(2)(B), the court has the discretion to refuse to accept allegations in a complaint that are "clearly baseless," a term encompassing claims that may be described as "fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* No. 3:10–1055, 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (citing *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999).

Plaintiff filed this Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint contains the following narrative in his statement of claims: "Judicial Kidnapping; Crimes of Treason; Murder, Child Traffiking [sic] etc; Foreign Policy." (D.E. 2, 5, 8, 11.) Plaintiff Complaint also contains the following statement in his request for relief: "Prosonel [sic] [and] Property Seizure; Hearings [and] Trials, Fugitives of Law." (D.E. 3, 6, 9, 12.) To state a claim under 42 U.S.C. § 1983,[1] a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution

---

[1] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

and laws" of the United States (2) committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has failed to assert either element of a § 1983 claim. Plaintiff, aside from alleging his civil rights have been violated, does not mention any deprivation of rights secured by the Constitution and laws of the United States. Further, Plaintiff does not allege that Defendants acted under color of state law and does not include any action by the Defendants.

The undersigned finds Plaintiff's allegations to be clearly baseless and totally implausible, devoid of any factual matter that is sufficient to state a claim. Consequently, Plaintiff's Complaint warrants dismissal under both § 1915(e)(2)(B) and Rule 12(b)(1).

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court **DISMISS** Plaintiff's Complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted this 18th day of January, 2022.

s/Jon A. York
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**